UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZINEB LILI and MAHMOOD
YOUSEF AL ANI,

       Plaintiffs,          :

v.

                               Case No. 2:25-cv-00425
                               Chief Judge Sarah D. Morrison
                               Magistrate Judge Kimberly A.
DONALD J. TRUMP, President       Jolson
of the United States of America,   :
*et al.*,

       Defendants.


## OPINION AND ORDER

Zineb Lili, a United States citizen, and Mahmood Yousef Al Ani, a native citizen of Iraq, are a married couple residing in Columbus, Ohio. The couple twice sought to adjust Al Ani's status to lawful permanent resident based on their marriage by filing Forms I-130 and I-485 with the United States Citizenship and Immigration Services (USCIS). USCIS denied their request both times. Al Ani and Lili then filed this action alleging that the most recent denials violated the Administrative Procedure Act and Lili's due process rights.

After the Complaint was filed, USCIS placed Al Ani in removal proceedings. Then, USCIS withdrew its denial of Lili's Form I-130 Petition, reopened the proceeding, and contemporaneously issued a Notice of Intent to Deny ("NOID").

Three days later, the Government moved to dismiss the Complaint,[1] arguing that these subsequent events deprived this Court of jurisdiction over the claims. (ECF No. 11.) That Motion is fully briefed and, for the reasons below, it is **GRANTED in part** and **DENIED in part**.

## I. LEGAL BACKGROUND

A noncitizen may to apply to become a lawful permanent resident of the United States based on his marriage to a United States citizen. To start this process, the citizen spouse (the "petitioner") files a Form I-130 Petition for Alien Relative to classify the noncitizen (the "beneficiary") as a spouse of a citizen. 8 U.S.C. § 1154; 8 C.F.R. § 204.1(a)(1). With that spousal classification, the beneficiary is eligible to adjust his status to a lawful permanent resident. § 8 U.S.C. § 1151(a)(1). While an approved I-130 Petition is a prerequisite to a Form I-485 Application to Register Permanent Residence or Adjust Status, a beneficiary may concurrently file an I-485 Application if he is in the United States when his spouse files the I-130 Petition. 8 C.F.R. § 245.1(a).

Once filed, USCIS investigates the I-130 Petition to determine (1) the validity of the marriage and (2) the beneficiary's eligibility for classification as a spouse of a

---

[1] Plaintiffs bring this action against the United States Department of Homeland Security and four named Defendants in their official capacity: Donald J. Trump, President of the United States; Kristi Noem, Secretary of the Department of Homeland Security; Kika Scott, Acting Director of USCIS; and Andrew Davidson, Acting Deputy Director of USCIS. Pursuant to Fed R. Civ. P. 25, Defendants substituted Angelica Alfonso-Royals for Kika Scott and Kika Scott for Andrew Davidson. (Mot., PAGEID # 68, n. 1.) For ease of reference, the Court refers to the Defendants collectively as "the Government."

U.S. citizen. 8 U.S.C. § 1154(b). Usually, these inquiries are the same. A beneficiary will generally be eligible to adjust his status if the couple demonstrates that their marriage is legally valid and bona fide, measured by their intent to establish a life together when they married. *Acheampong v. Keisler*, 250 F. App'x 158, 161 (6th Cir. 2007). But if USCIS finds that the marriage is fraudulent (i.e., for the purpose of evading immigration laws), the beneficiary will not be eligible and USCIS must deny the petition. *Id.*

Sometimes, even if USCIS determines that his current marriage is bona fide, a beneficiary will not be eligible to adjust his status. Under Section 204(c) of the Immigration and Nationality Act, USCIS must deny an I-130 Petition if the beneficiary previously sought to adjust his status through a fraudulent marriage. 8 U.S.C. § 1154(c). A prior fraudulent marriage is a factual determination that must be supported by substantial and probative evidence in the beneficiary's file. 8 C.F.R. § 204.2(a)(1)(ii). USCIS must advise the petitioner of any derogatory evidence supporting a fraudulent marriage finding by issuing a NOID and providing the petitioner with an opportunity to respond. *Adi v. United States*, 498 F. App'x 478, 481 (6th Cir. 2012). If the petitioner fails to rebut that finding by a preponderance of the evidence, USCIS must deny the petition. *Id.*; 8 U.S.C. § 1154(c).

## II.     FACTUAL BACKGROUND

Before his marriage to Lili, Al Ani was married to Zamzam Jama. (Compl., ¶ 18.) More than a year after they married, Jama filed an I-130 Petition on Al Ani's behalf. (*Id.*, ¶¶ 18–19.)

3

At some point, their marriage deteriorated. Jama, who suffers from depression and mental illness, frequently disappeared and exhibited episodes of escalating violence and "uncontrollable behavior." (*Id.*, ¶¶ 49–50.) Jama later testified that these episodes caused her to lie and provide evasive responses to USCIS Officers during the investigation of her I-130 Petition. (*Id.*) Based on Jama's contradictory testimony and behavior, USCIS determined that the marriage was fraudulent and denied her I-130 petition. (*Id.*, ¶¶ 27–28.) Al Ani and Jama divorced in July 2020. (*Id.*, ¶ 27.)

Two months later, Al Ani married Lili. (*Id.*, ¶ 29.) Lili then filed an I-130 Petition on behalf of Al Ani, who concurrently filed an I-485 Application. (*Id.*, ¶ 30.) USCIS concluded that Al Ani and Lili's marriage was bona fide, but it denied Lili's I-130 Petition because Al Ani's prior marriage to Jama was fraudulent and dispositive of his ineligibility under INA § 204(c). (*Id.*, ¶¶ 38–39.)

Al Ani and Lili tried again. In December 2024, USCIS issued a NOID to Lili regarding her second I-130 Petition, stating that the Agency was statutorily precluded from approving it under INA § 204(c) because the record supported the finding that Al Ani's prior marriage was fraudulent. (*Id.*, ¶¶ 42–46.) Lili responded to the December 2024 NOID with additional evidence regarding Al Ani's first marriage. (*Id.*, ¶ 45.) Finding that evidence insufficient to rebut its fraudulent marriage finding, USCIS again denied Lili's I-130 Petition and Al Ani's I-485 Application on January 13, 2025. (*Id.*, ¶¶ 41, 46.)

On April 21, 2025, Lili and Al Ani filed this action. Three weeks later, USCIS placed Al Ani in removal proceedings. (Mot., PAGEID # 70.) Then, on June 27, USCIS reopened Lili's I-130 Petition pursuant to 8 C.F.R. § 103.5(a)(5)(ii), which allows a USCIS Service Officer to reopen a proceeding on his or her own motion. (*Id.*; ECF No. 11-1.) In so doing, USCIS stated that, although Lili's I-130 Petition "appears barred under INA section 204(c)," the Agency reopened her Petition "[a]fter consideration of the law, regulations and policy guiding USCIS." (*Id.*) That same day, USCIS sent Lili a NOID that it intended to deny her reopened Petition. (ECF No. 11-2.) Three days later, the Government moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). (*See* Mot.; ECF Nos. 11-1, 11-2.)

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thorton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). This case involves the latter. When a 12(b)(1) motion attacks the factual existence of subject matter jurisdiction, the court does not presume that the plaintiff's factual allegations are true. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

5

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

IV.    ANALYSIS

A.    APA Claim (Count I)

Plaintiffs assert two violations of the APA. First, they argue that USCIS's denials were arbitrary and capricious in violation of 5 U.S.C. § 704. Second, they argue that USCIS unreasonably delayed adjudication of Lili's I-130 Petition and Al Ani's I-485 Application in violation of 5 U.S.C. § 706(1).[2]

1.    Subject Matter Jurisdiction

The Government moves to dismiss the APA claim as it relates to Al Ani's I-485 Application because he is in removal proceedings, so it argues the presiding Immigration Judge has exclusive jurisdiction over his Application. (Mot., PAGEID # 70–71.)

The Government frames the pending removal proceedings as a jurisdictional bar to Al Ani's APA claim. (*Id.*, PAGEID # 75–76.) It is not. *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494-95 (6th Cir. 2014) (dismissal of an APA claim based on a noncitizen's pending removal proceedings under Rule 12(b)(1) is improper because the pending removal demonstrates a failure to state a claim under Rule 12(b)(6)). But the Court has an independent obligation to assure itself of its own jurisdiction before addressing the merits of a claim. *Taylor v. Owens*, 990

[2] The Government does not expressly move to dismiss Plaintiffs' unreasonable delay claim under 5 U.S.C. § 706(1). (Compl., ¶¶ 59–60.) Neither party mentions this portion of the APA claim in their briefing. Accordingly, the Court will not address it.

F.3d 493, 496 (6th Cir. 2021). Regardless of Al Ani's pending removal, the Court lacks jurisdiction to review the denial of his Application.

Federal courts are courts of limited jurisdiction. *United States v. Field*, 756 F.3d 911, 914 (2014). For a case to proceed in federal court, there must be an independent basis of subject matter jurisdiction. *Id*. While the APA is not a jurisdiction-conferring statute, federal courts have federal question jurisdiction under 28 U.S.C. § 1331 to review agency action. *See Jama*, 760 F.3d at 494 (citing *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). However, judicial review under the APA may be limited when it is expressly precluded by statute. *Id*. at 496 (citing 5 U.S.C. § 701(a)).

In the federal immigration system, 8 U.S.C. § 1252(a)(2)(B) is one such jurisdiction-stripping statute. Section 1252(a)(2)(B) provides that

> [R]egardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review…any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title….

8 U.S.C. § 1252(a)(2)(B)(i). As relevant here, the statute precludes judicial review of decisions regarding an adjustment of status to a lawful permanent resident under 8 U.S.C. § 1255; § 1255 is the statute governing an I-485 Application to adjust status to a lawful permanent resident. *Hatchet v. Andrade*, 106 F.4th 574, 579 (6th Cir. 2024) (citing *Patel v. Garland*, 596 U.S. 328, 338–39 (2022)). The Court is thus statutorily precluded from reviewing Al Ani's challenge to the denial of his I-485 Application.

8

The Government's Motion is **GRANTED** on Count I as it relates to Al Ani's I-485 Application.

### 2. Mootness

The Government next argues that, because USCIS reopened Lili's I-130 Petition, the APA claim is moot to the extent it relies on the Agency's allegedly improper denial of the Petition. (Mot., PAGEID # 76.)

Article III limits the jurisdiction of federal courts to "actual, ongoing controversies." *Mwasaru v. Napolitano*, 619 F.3d 545, 549 (6th Cir. 2010). When events after the filing of the complaint make it impossible for the court to grant any effectual relief, the court must dismiss the case as moot. *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024). "The heavy burden of demonstrating mootness rests on the party claiming mootness." *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001).

There is an exception to the mootness doctrine for a defendant's voluntary suspension of a challenged action. A defendant may not "automatically moot a case by the simple expedient of suspending its challenged conduct after it is sued." *Federal Bureau of Investigation v. Fikre*, 601 U.S. 234, 241 (2024) (citation omitted). When a defendant argues that its subsequent voluntary conduct mooted a claim, it must show (1) there is no reasonable expectation that the challenged action will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Thomas v. City of Memphis, Tenn.*, 996 F.3d 318, 324 (6th Cir. 2021) (citation omitted). Otherwise, "a defendant might suspend its

9

challenged conduct after being sued, win dismissal, and later pick up where it left off." *Fikre*, 601 U.S. at 241.

When the government is the defendant, the burden of demonstrating mootness is lower "so long as the change appears genuine." *Thomas*, 996 F.3d at 324 (citation altered). Though the government's voluntary subsequent action is treated with some solicitude, "not all action enjoys the same degree of solicitude." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019). When a governmental entity reverses course through "legislative-like procedures" or "formal processes," it "need not do much more than simply represent" that it will not resume the challenged action. *Doe v. Univ. of Mich.*, 78 F.4th 929, 946 (6th Cir. 2023) (citation omitted). But if the "change is ad hoc, discretionary, and easily reversible or requires little in the way of formal process, significantly more than the bare solicitude itself is necessary to show that the voluntary cessation moots the claim." *Id*. (citation omitted). Courts must examine the totality of the circumstances, including the manner and timing of the reversal, to determine whether the challenged action was genuine and could not reasonably be expected to recur. *Speech First, Inc.*, 939 F.3d at 768–70. The primary concern is "whether there is evidence that the government will 'flip-flop' or has altered its conduct solely in response to litigation." *Thomas*, 996 F.3d at 328 (collecting cases).

> a) *The Government has not shown that the reopening of Lili's Petition was genuine.*

Lili argues her APA claim is not moot because the Government only reopened her I-130 Petition to "quash this litigation." (Resp., PAGEID # 100.)

10

USCIS reopened Lili's I-130 Petition under 8 C.F.R. § 103.5(a)(5)(ii), which provides:

> When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision, and the new decision may be unfavorable to the affected party, the officer shall give the affected party 30 days after service of the motion to submit a brief.

8 C.F.R. § 103.5(a)(5)(ii). A Service Officer's decision to reopen a proceeding sua sponte is thus discretionary and requires little formal process beyond notifying the petitioner and providing her an opportunity to respond. There is no limit as to when or how many times the Officer can reopen the petition. Accordingly, the Government must rely on "significantly more" than bare solicitude to demonstrate that the reopening mooted Lili's APA claim.

But here, the Government relies solely on the act of reopening to argue mootness. However, the manner in which USCIS reopened Lili's I-130 Petition does not assure the Court that the decision was genuine. First, the timing of USCIS's reopening (after the Complaint was filed and only three days before the Government filed its Motion) suggests the Agency's reversal was made solely in response to this litigation. *See, e.g.*, *Speech First, Inc.*, 939 F.3d at 769 ("The timing of the University's change also raises suspicions that its cessation is not genuine. The University removed the definitions after the complaint was filed. If anything, this increases the University's burden to prove that its change is genuine."). Second, the Government has not explained the expedient timing of the Agency's reconsideration of Lili's Petition. Third, the Government also does not explain how the voluntary reopening of a twice-denied petition (while simultaneously issuing a

11

NOID) practically changes the outcome for Lili's I-130 Petition beyond delaying its finality. Indeed, the only basis that USCIS provided for the reopening of the Petition was a general reference to its "consideration of the law, regulations and policy guiding USCIS." (ECF No. 11-1). Absent justification for its decision, the mere fact of the reopening of the Petition does not convince the Court that the Agency genuinely changed its position. *See Speech First, Inc.*, 939 F.3d at 769–70 ("Without any indication that its review would have resulted in changing [the challenged conduct], the fact of the review does not buttress the legitimacy of the [government's] actions.").

> b) *There is a reasonable expectation that Lili will again face the challenged conduct.*

Lili also argues that her claim is not moot because the Government will again deny her Petition if her claim is dismissed. (Resp., PAGEID # 100.)

For challenged conduct to recur, an agency need not reissue the same decision as the one previously rescinded; a subsequent decision need only be sufficiently similar and present "substantially the same legal controversy as the one presented by the plaintiffs' complaint." *Resurrection Sch. v. Hertel*, 35 F.4th 524, 529 (6th Cir. 2022) (citation omitted). There must be more than a "mere physical or theoretical possibility" that the plaintiff will face the same legal issue in the future. *Thompson v. DeWine*, 7 F.4th 521, 525 (6th Cir. 2021).

USCIS has informed Lili that it intends to deny her reopened I-130 Petition. (ECF No. 11-2.) Though USCIS could grant her reopened Petition, the Government offers no reason to believe a different outcome is more than a theoretical possibility.

12

And, while a subsequent denial may not be identical, it would almost certainly present the same legal controversy as the one currently before the Court.

The crux of Lili's APA claim is that USCIS lacked substantial and probative evidence that Al Ani attempted to obtain a benefit through a fraudulent marriage. Though Lili can submit additional evidence in response to the June 2025 NOID (Resp., PAGEID # 96–97), any future decision on her Petition would necessarily rely on much of the same evidence and, absent granting her Petition, present the same legal issue raised in her Complaint (i.e., whether, based on the entire record, there is substantial and probative evidence that Al Ani's prior marriage was fraudulent).

Against this backdrop, the Government has not met its burden to demonstrate "that it cannot reasonably be expected to do again in the future what it is alleged to have done in the past." *Fikre*, 601 U.S. at 242.

Because the Government has not shown that there is no reasonable expectation of recurrence, the Court need not reach whether the reopening of Lili's Petition completely eradicated the effects of the denial. Her APA claim is not moot.

### 3.       Final Agency Action

The Government also moves to dismiss Lili's APA claim because it argues there is no final agency action.[3]

---

[3] The Sixth Circuit directs courts to evaluate a motion to dismiss an APA claim for a lack of final agency action under Rule 12(b)(6), not 12(b)(1). *Jama*, 760 F.3d at 495–96.

13

To state a claim for relief under the APA, a plaintiff must allege that her injury stems from a final agency action for which there is no other adequate remedy in court. *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006) (citing 5 U.S.C. § 704). An agency action is final where it: (1) marks the consummation of the agency's decision-making process; and (2) determines a party's rights and obligations or occasions legal consequences. *Id.* at 500–01 (citing *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)). An agency action is not final if it only adversely affects the plaintiff's rights "on the contingency of future administrative action." *Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 496 (6th Cir. 2014) (citation omitted). "The finality inquiry is a flexible and pragmatic one." *Hosseini v. Johnson*, 826 F.3d 354, 360 (6th Cir. 2016) (citation altered).

Lili contends that there is a final agency action because USCIS reopened her case solely to avoid litigating her claim.[4] (Resp., PAGEID # 101.)

An agency's decision to reopen a case will generally render an agency action nonfinal. *Cf. Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006). However, courts outside the Sixth Circuit recognize a limited exception for formal determinations in immigration cases reopened "in name only." In such cases, courts consider the

---

[4] Because Rule 12(b)(6) limits the Court's review to matters alleged in the Complaint, Lili also argues the reopening cannot be considered when evaluating whether she sufficiently alleged a final agency action under the APA. But courts may consider "letter decisions of governmental agencies" that are central to the claim and attached to a defendant's motion to dismiss under Rule 12(b)(6) without converting it into a motion for summary judgment. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015).

14

factual circumstances of any reopening to determine whether USCIS reopened the proceeding solely to delay litigation. *See RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 50 (D.D.C. 2019). For example, when USCIS (a) fails to follow applicable regulations in reopening the proceeding, (b) fails to proffer any reason for the reopening, or (c) requests "virtually no new evidence" than what was provided during its initial review, a court can infer that USCIS's previous decision was final. *See Balakirev v. Jaddou*, 4:23-cv-3033, 2024 WL 3398391, at *4–5 (D. Neb. July. 10, 2024) (collecting cases). Courts have found the failure to request new evidence the "most critical" factor in inferring finality. *See RELX, Inc.*, 397 F. Supp. at 52. In evaluating this factor, courts focus on whether USCIS "actively sought new evidence" and "identified areas that warranted further evidentiary development" that would be considered through additional review. *6801 Realty Co., LLC v. USCIS*, 719 F. App'x 58, 60 (2d Cir. 2018).

Conversely, a reopened proceeding will be considered non-final where USCIS (a) identifies issues with its original decision, (b) actively seeks additional evidence, or (c) indicates there will be further investigation. *See id*. The distinction between a final and nonfinal action is whether the facts demonstrate gamesmanship to avoid litigation and whether the reopened proceeding offers more than a "mere possibility" of success. *See id*.

Here, the facts of the reopening largely elude the Court because the Government attached only the first page of the June 2025 NOID. (ECF No. 11-2.)

15

Providing only a partial record suggests the sort of gamesmanship that courts seek to prevent. Still, the available information cuts both ways.

On one hand, Lili does not dispute that USCIS complied with the relevant regulation in reopening her I-130 Petition. (Resp., PAGEID # 96–97.) USCIS informed her that it reopened her I-130 Petition under 8 C.F.R. § 103.5(a)(5), issued a NOID, and provided her with thirty days to submit additional evidence. (Mot., PAGEID # 70; ECF No. 11-2.) The regulation requires nothing more. *See* 8 C.F.R. § 103.5(a)(5). USCIS's compliance with its own regulations supports their argument that the previous agency action is nonfinal.

On the other hand, the Government has offered no basis for the reopening or its expedient timing. *See, e.g.*, *72andsunny Partners LLC v. Mayorkas*, 2:22-cv-4465, 2022 WL 19076655, at *2 (C.D. Cal. Dec. 6, 2022) ("[H]aving supplied no explanation as to why it reopened review of plaintiff's I-140 petition, USCIS has issued a NOID according to which it will deny plaintiffs' petition upon this second review. Accordingly, USCIS appears to have 'reopened [plaintiffs' petition] in name only.'"); *compare German Language Ctr. v. U.S.*, H-09-3950, 2010 WL 3824636, at *4 (S.D. Tex. Sept. 27, 2010) (original decision non-final where the reopening was not "arbitrarily made" but to allow "additional consideration in light of recent" AAO opinion). The absence of any justification for the reopening of Lili's Petition tips slightly towards a finding of finality.

The most critical factor—whether USCIS requested new information—is absent from the record. Because the record does not contain the full June 2025

16

NOID, there is no evidence as to whether USCIS identified "issues with the original decision and areas that warranted further evidentiary development" such that the opportunity for a different result was more than a "mere possibility." *6801 Realty Co., LLC*, 719 App'x at 60. But the "burden of demonstrating that the complaint fails to adequately state a claim falls on the defendant." *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023). And, accepting Lili's allegations as true, all identified inconsistencies have previously been explained by evidence already contained in the record. (Compl., ¶¶ 62–65.) Though Lili can provide additional evidence in response to the NOID, the mere opportunity to submit evidence goes to USCIS's compliance with § 103.5(a)(5)(ii), not whether the Agency identified areas for refinement or explanation to be considered upon additional review. *See Balakirev*, 2024 WL 3398391, at *5; *see also RELX, Inc.*, 397 F. Supp. at 52–53 ("It is unclear what purpose, if any, is served by requesting and reviewing the exact same information, and expecting such review to lead to a different result."). Accordingly, the Court cannot assume that Lili's APA claim – which the Government does not dispute would otherwise be sufficient under Rule 12(b)(6) – must be dismissed for lack of final agency action.

Based on the record, the Court can only conclude that USCIS's decision to reopen Lili's I-130 Petition did not change the finality of the Agency's prior denial.

The Court **DENIES** the Government's Motion on Lili's APA claim.

## V.    Due Process

In Count II, Lili alleges that the Government burdened her fundamental liberty interest in living with her spouse in the United States by denying her I-130

17

Petition and violated her due process rights under the Fifth Amendment to the United States Constitution. The Court construes this claim as a substantive due process claim.[5]

Substantive due process protects against government interference with certain fundamental rights and liberty interests. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). In immigration cases, a plaintiff asserting a substantive due process claim must adequately allege that a statute or government action burdens a fundamental right and is not conceivably related to the achievement of a federal interest. *Bangura v. Hansen*, 434 F.3d 487, 494–95 (6th Cir. 2006) (citations omitted).

The Government argues that the Supreme Court's decision in *Department of State v. Munoz*, 602 U.S. 899 (2024), forecloses Lili's substantive due process claim. The Court agrees. In *Munoz*, the Supreme Court held that "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." *Munoz*, 602 U.S. at 909. This is precisely the fundamental interest Lili argues the government burdened. Absent a cognizable liberty interest in Al Ani

---

[5] Lili argues that she has a "fundamental liberty interest" in her husband's admission to the United States and thus "can assert a procedural due process claim" based on the denial of her I-130 Petition. (Resp., PAGEID # 103.) However, she does not allege a procedural due process claim in her Complaint. Assertions in a response brief are not allegations and cannot be considered as part of a complaint on a motion to dismiss. *See Bishop v. Lucent Techs.*, Inc., 520 F.3d 516, 521 (6th Cir. 2008).

18

residing with her in the United States, she cannot proceed on her substantive due process claim.

The Government's Motion is **GRANTED** on Count II.

## VI.    CONCLUSION

For the reasons stated herein, the Government's Motion is **GRANTED** on Count I as it relates to Al Ani's I-485 Application and on Count II. The Motion is **DENIED** on Count I as it relates to Lili's I-130 Petition.

Because the Court cannot presently provide relief, this action is **STAYED** pending resolution of Lili's reopened petition. The Court **ORDERS** the parties to file a status report within fourteen days of this Order updating the Court on the status of that Petition.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**