**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ZINEB LILI, and<br>MAHMOOD YOUSEF AL ANI,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security[1], *et al.*,<br><br>Defendants. | Case No. 2:25-cv-00425<br><br>Chief Judge Sarah D. Morrison<br><br>Magistrate Judge Kimberly A. Jolson |

## RULE 26(f) REPORT

Pursuant to this Court's Op. and Order on the parties' briefing on Motion to Dismiss, this Court's Order pursuant to the parties' status reports, and the April 14, 2026 notation order of the Magistrate, the parties have conferred and file a Rule 26(f) Report.[2] A meeting was held on April 17, 2026, and was attended by:

Ghassan M Shihab, Esq., The Law Firm of Shihab & Assoc. Co., LPA, 5900 Wilcox Pl., Dublin, Ohio 43016, (614) 255-4872 gus@shihablawyers.com, Counsel for Plaintiffs.

Eric D. Ricker, Esq., The Law Firm of Shihab & Assoc. Co., LPA, 5900 Wilcox Place, Dublin, Ohio 43016, (614) 255-4872 ericker@shihab.law, Counsel for Plaintiffs, *pro hac vice*.

Christopher R. Yates, Assistant United States Attorney, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215, (614) 469-5715, christopher.yates@usdoj.gov, Counsel for Defendants.

[1] Pursuant to Fed. R. Civ. P. 25, Markwayne Mullin, Secretary, United States Department of Homeland Security, is properly substituted for Kristi Noem.

[2] *See* Defs' Mot. to Dismiss FRCP 12(b)(6), and 12(b)(1), ECF 11; Pls' Resp. in Opp., ECF 16; Defs' Reply to Resp., ECF 19; Op. and Order, ECF 21; Defs' Status Report and Notice of Compliance, ECF 22; Pls' Status Report, ECF 23; Order Lifting Stay, ECF 24; ECF 25, NOTATION ORDER ("The parties are ORDERED to file a proposed schedule within 14 days of the date of this Order. Signed by Magistrate Judge Kimberly A. Jolson on 4/14/26.")

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

____ Yes __X__ No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

____ Yes __X__ No Please see response to "7." following.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

__-__ Yes __X__ No

4. PARTIES AND PLEADINGS

The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by May 29, 2026.

5. MOTIONS

Are there any pending motion(s)?

____ Yes __X__ No

Are the parties requesting expedited briefing on the pending motion(s)?

____ Yes __-__ No N/A

6. ISSUES

Plaintiffs allege violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, and 706(2)(A), asking this Court to set aside Plaintiff Zineb Lili's January 13, 2025, I-130 denial, and Plaintiff Al Ani's second I-485 denial, as "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law," (citation omitted). Pls.' Compl., ECF 1, ¶¶55-74. The Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss designated

the forgoing allegation as "APA Claim (Count I)." Op. and Order, ECF 21, PageID 127-37. Therein, this Court "**GRANTED** [Defendants' Motion to Dismiss] on Count I as it relates to Al Ani's I-485 Application." *Id.*, at PageID 129. However, this Court denied Defendants' Motion to Dismiss on Count I as it relates to Plaintiff Zineb Lili's January 13, 2025, I-130 denial, and Defendants' June 27, 2025 reopening of that same, second I-130. *Id.*, at PageID 133 ("Her APA claim is not moot."); *id.*, at PageID 137 ("The Court **DENIES** the Government's Motion as Lili's APA claim."), emphasis in original.

This Court interpreted Plaintiffs' "Second Claim for Relief: Violation of Due Process Clause of the Fifth Amendment of the U.S. Constitution," as "Count II" wherein "Lili alleges that the Government burdened her fundamental liberty interest in living with her spouse in the United States by denying her I-130 Petition and violated her due process rights under the Fifth Amendment to the United States Constitution. The Court construes this claim as a substantive due process claim." *See* Pls' Compl., ECF 1, PageID 21-23, ¶¶75-81; Op. and Order, ECF 21, PageID 137-39. However, in this Court's words "[t]he Government's Motion is **GRANTED** on Count II." Op. and Order, ECF 21, PageID 139, emphasis in original.

The Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss "stayed this action pending the USCIS resolution of Plaintiff Zineb Lili's reopened I-130. The Court also ordered the parties to file a joint status report by April 9 for the sole purpose of updating the Court on the status of that Petition." Quoting Order Lifting Stay, ECF 24, docket citations omitted.

Thereafter, in its Order Lifting Stay, filed April 13, 2026, "the Court was made aware through Defendants' status report that '[o]n December 17, 2025, USCIS issued a decision denying Plaintiff Lili's second I-130.' (ECF No. 22, PAGEID # 148.)" and referred this matter to the magistrate judge for a preliminary pretrial conference. *See* Order Lifting Stay, ECF 24, PageID 387-88.

7. DISCOVERY PROCEDURES

Defendants assert that Plaintiffs are not entitled to discovery in this APA case, because APA cases challenging agency delay or inaction are decided based on an administrative record. 5 U.S.C. § 706. If the Plaintiffs seek discovery, Defendants reserve all defenses including but not limited to the presumption of regularity that public officers have properly discharged their duties and that USCIS's decisions were prepared in the regular course of business, the fact that this case is subject to review on the administrative record, it is exempt from regular civil discovery and the requirements found in Federal Rules of Civil Procedure 26(a) and (f). Fed. R. Civ. P. 26(a)(1)(B)(i) ("an action for review on an administrative record" is "exempt from initial disclosure"); Fed. R. Civ. P. 26(f)(1) (requiring the parties to confer as soon as practicable, "[e]xcept in proceedings exempt from initial disclosure under Rule 26(a)(1)(B)"). Should this Court require discovery, Defendants require at least 90 days from the April 13, 2026, Order Lifting Stay, or to July 13, 2026, to properly assemble and disclose the administrative record to Plaintiffs.

a. Do the parties anticipate the production of ESI?

   Defendants' position, pursuant to response at 7. above, is that this case is subject to review on the administrative record, it is exempt from regular civil discovery, and therefore production of ESI is not anticipated.

b. Do the parties intend to seek a protective order or clawback agreement?

   The parties do not believe this case will require a protective order or that a clawback agreement is necessary at this time.

8. DISPOSITIVE MOTIONS

a. Any dispositive motions shall be filed within 60 days after July 13, 2026, the date whereupon Defendants will have properly assembled and disclosed the administrative record to Plaintiffs;

   i. Defendants will file a dispositive motion by September 14, 2026.

ii. Plaintiffs will file their cross-motion and response brief by September 28, 2026.

iii. Defendants will file a combined response and reply brief by October 12, 2026.

iv. Plaintiffs will file their reply brief by October 26, 2026.

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes X__No

9. EXPERT TESTIMONY

Defendants aver that because this case is subject to review on the administrative record, it is exempt from regular civil discovery and the requirements found in Federal Rules of Civil Procedure 26(a) and (f).

10. SETTLEMENT

Defendants state that this case is not amenable to formal alternative dispute resolution because the nature of the plea is contrary to the broad discretion granted to the Secretary and the interests of other I-130 applicants not already administratively exhausted and/or moot.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

____ Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place ____________ in chambers ___________ by telephone.

__X__ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Defendants believe that this Court's review of USCIS actions is limited to the administrative record prepared by USCIS. *See* Camp v. Pitts, 411 U.S. 138, 142 (1973) (in reviewing an [Administrative Procedure Act] APA claim, "the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); Lands Council v. Powell, 395 F.3d 1019, 1029-30 (9th Cir. 2005) (agreeing with the "general rule that courts reviewing an agency decision are limited to the administrative record," except when certain "narrow exceptions" apply).

Defendants' position is that there is no occasion for de novo judicial fact-finding regarding Plaintiff Lili's surviving APA claim; the entire case on review under the APA is a "question of law." Am. Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001); 5 U.S.C. § 706(2). Specifically, this Court's review of Plaintiff's claim is limited to a determination of whether USCIS's alleged delay is "unreasonable." 5 U.S.C. § 706(2)(A).

Defendants' position is that the Court may resolve Plaintiff Lili's surviving APA claim based on case-dispositive briefing. *See* City & Cnty. of San Francisco v. United States, 130 F.3d 873, 877 (9th Cir. 1997) (noting that summary judgment is an "appropriate mechanism" for deciding an APA claim) (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 770 (9th Cir. 1985)).

Defendants' position is that when reviewing agency action under the APA, summary judgment "is simply a convenient label to trigger th[e] court's review of the agency action," even though the legal standards for APA review differ from the standards that govern a typical motion for summary judgment. *See* Klamath Siskiyou Wildlands Ctr. v. Gerritsma, 962 F. Supp. 2d 1230, 1233 (D. Or. 2013).

Plaintiffs' position is that there is occasion for de novo judicial fact-finding regarding Plaintiff Lili's surviving APA claim; the entire case on review under the APA. Lewis v. United States, 641 F.3d 1174, 1176 (9th Cir. 2011).

Good cause supports entering the stipulated case dispositive briefing schedule. The concurrent motions will reduce the number of briefs ultimately filed from three per side to two per side. And by filing them sequentially, rather than concurrently, the parties anticipate greater efficiency and fewer redundant arguments. *Cf.* Fed. R. App. P. 28.1(c) (providing for sequential briefing in cross-appeals). As a result, the alternative briefing schedule will preserve valuable party and Court resources.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
E-mail: christopher.yates@usdoj.gov
*Attorney for Defendants*

s/Ghassan M Shihab
GHASSAN M SHIHAB (0061098)
The Law Firm of Shihab & Assoc. Co., LPA
5900 Wilcox Place,
Dublin, Ohio 43016
E-mail: gus@shihablawyers.com
*Attorney for Plaintiffs*

s/ Eric D. Ricker
ERIC D. RICKER (0097733)
The Law Firm of Shihab & Assoc. Co., LPA
5900 Wilcox Place,
Dublin, Ohio 43016
E-mail: ericker@shihab.law
*Attorney for Plaintiffs, pro hac vice*